IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES EDWARD WILLIAMS,
    Petitioner,

vs.                                         Case No.: 3:13cv150/LAC/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on Respondent's motion to dismiss the habeas petition filed pursuant to 28 U.S.C. § 2254, on the ground that it is an unauthorized successive petition (doc. 10). Petitioner filed a response to the motion, in which he states the filing of his petition was premature, and he requests that the court dismiss his petition (doc. 12).

    Rule 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the opposing party serves either an answer or a motion for summary judgment. Because Respondent has not yet served an answer in the instant case,[1] it is clear that Petitioner is automatically entitled to a voluntary dismissal at this time.

    Accordingly, it is respectfully **RECOMMENDED**:

    That Petitioner's Response (doc. 12), construed as a notice of voluntary dismissal, be **GRANTED** and this action **DISMISSED**.

    At Pensacola, Florida, this 28th day of October 2013.

                                      /s/ *Elizabeth M. Timothy*
                                      **ELIZABETH M. TIMOTHY**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[1] Respondent's motion to dismiss is the equivalent of a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and, therefore, does not constitute an answer or motion for summary judgment. *See* Fed. R. Civ. P. 12(b).

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**